UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:20-CR-18-HAB |
| ) | |
| JAIME RENTERIA-LOPEZ ) | |

**OPINION AND ORDER**

Defendant Jaime Renteria-Lopez seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 62). He asks the Court to reduce his sentence to account for amendments to the United States Sentencing Guidelines that have not yet been implemented. The Government opposes the motion in principal and because Renteria-Lopez has not exhausted his administrative remedies prior to filing his motion. (ECF No. 64). Renteria-Lopez did not file a reply and the time to do so has passed. Because the Government is correct that Renteria-Lopez failed to exhaust his administrative remedies prior to filing his compassionate release motion and many of the issues raised are more properly considered in a motion under 28 U.S.C. §2255, the Defendant's motion will be DENIED.

**DISCUSSION**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such

a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" Accordingly, for a defendant to be eligible for compassionate release he must have exhausted his administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release.

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 404 at 4) a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

2

A review of Renteria-Lopez's own filing as well as the BOP's records submitted by the Government (ECF No. 64-1) fail to show that he has met the exhaustion requirement. His request for compassionate release makes no mention of having exhausted his administrative remedies.

His motion also complains of sentencing errors but the proper mechanism for bringing a post-conviction challenge to a sentence is by way of 28 U.S.C. §2255. The docket reflects that Renteria-Lopez has now filed a petition under §2255 (ECF No. 67) and thus, the Court will consider that motion once it is fully briefed.

Finally, Defendant argues that the amendments to the sentencing guidelines could apply to him. But at this point, the amendments he discusses have not taken effect nor have they been made retroactive. Unless and until both these things occur, Defendant's request to reduce his sentence based on guideline amendments is premature.

## **CONCLUSION**

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 62).

SO ORDERED on August 22, 2023.

                                               s/ *Holly A. Brady*
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT