UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:20-CR-18 |
| ) | |
| JAIME RENTERIA-LOPEZ ) | |

**OPINION AND ORDER**

Defendant, *pro se*, filed a motion captioned "Challenge to Grand Jury Pursuant to Rule 6(b)(1), (2)" (ECF No. 74). Because the motion is frivolous on its face given Defendant's unconditional guilty plea, the Court did not direct the Government to respond. For the reasons below, the Motion is DENIED.

Renteria-Lopez was charged in a three-count indictment with possessing a controlled substance with intent to distribute and distributing a controlled substance, both in violation of 21 U.S.C. §841(a)(1) (Counts 1 and 3); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). (ECF No. 1). In April 2022, Defendant pleaded guilty pursuant to a written plea agreement. (ECF Nos. 27, 34). In his plea agreement, Defendant agreed to plead guilty to Counts 2 and 3. In exchange for his guilty plea and a broad appeal waiver, the Government agreed to a minimum-range recommendation, acceptance of responsibility reductions, a drug quantity limitation, and dismissal of Count 1. (ECF No. 27) On August 3, 2022, the Court sentenced Renteria-Lopez to a total of 97 months of imprisonment, 60 months on the § 924(c) count and 37 months on the distribution count to run consecutively, with 3 years of supervised release to follow. (ECF Nos. 56-57, 59) Renteria Lopez did not file a direct appeal.

In his present motion, Defendant may be making a statutory and constitutional challenge to the grand jury as well as a jurisdictional argument that the Government lacked Article III standing to convene the grand jury or bring the case at all. This is the Court's best guess as the filing contains references to events that did not occur in this case, such as a bench trial, and appears to have some sovereign citizen-type rhetoric.

That said, to the extent Defendant is asserting some deficiency in the grand jury process, he waived such claims when he pleaded guilty and admitted the facts of the offenses:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See United States v. Hill*, No. 22-2400, 2023 WL 2810289, at *2 (7th Cir. April 6, 2023) ("An unconditional plea waives all nonjurisdictional defects arising before the plea."); *United States v. Turner*, 55 F.4th 1135, 1139 (7th Cir. 2022). Consequently, the entry of a guilty plea waives a claim that occurred before entry of the plea, including both a substantive claim and a purported failing of counsel but neither a jurisdictional challenge nor a voluntariness challenge to the plea. Challenges to the grand jury under Fed. R. Crim. P. 6 are in the class of waived claims. *See United States v. Valencia*, 556 F. App'x 916, 918 (11th Cir. 2014) (("[W]e have held that an unconditional guilty plea waives non-jurisdictional defects such as the right to a speedy trial, the

right to inspect grand jury minutes, and the right to challenge the composition of the grand and petit juries.").[1]

To the extent Defendant is asserting a jurisdictional defect, for instance, that the Court lacked jurisdiction for the offenses charged against him, he is simply wrong. Under 18 U.S.C. § 3231, "[t]he district courts of the United States ... have original jurisdiction ... of all offenses against the laws of the United States." As the Supreme Court reaffirmed in *United States v. Cotton,* this means that the district court's subject matter jurisdiction extends to "'all crimes cognizable under the authority of the United States.'" *Cotton,* 535 U.S. 625, 630–31 (2002) (quoting *Lamar v. United States,* 240 U.S. 60, 65 (1916)); *see, e.g., Prou v. United States,* 199 F.3d 37, 45 (1st Cir. 1999) ("[A] federal district court plainly possesses subject-matter jurisdiction over drug cases .... Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction." (citations omitted)). "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." The indictment here meets this standard and Defendant's jurisdictional argument fails.

## CONCLUSION

Defendant's "Challenge to Grand Jury Pursuant to Rule 6(b)(1), (2)" (ECF No. 74) is DENIED.

SO ORDERED on January 24, 2024.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT

---

[1] The Court also notes that Defendant's broad appeal waiver in his plea agreement precludes any post-conviction proceeding that contests his conviction or sentence or the manner in which it was imposed unless based on a claim of ineffective assistance of counsel. Defendant has a pending 28 U.S.C. §2255 petition in which he asserts an ineffectiveness of counsel claim.