UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:20-CR-18-HAB<br>1:23-CV-354 |
| JAIME RENTERIA-LOPEZ | |

**OPINION AND ORDER**

Defendant Jaime Renteria-Lopez ("Renteria-Lopez") is an armed drug trafficker serving a 97-month sentence followed by 3 years of supervised release. Pending before the Court is Defendant's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 67), along with various other filings (ECF Nos. 77, 78, 79) in which he asserts that his trial counsel was ineffective.[1] The parties have fully briefed the §2255 motion, (ECF Nos. 72, 73) and the matter is ripe for consideration. Because the Court finds no constitutional deficiency in counsel's representation, Defendant's motion will be DENIED and no certificate of appealability will issue.

**FACTUAL BACKGROUND**

Renteria-Lopez was charged in a three-count indictment with possessing a controlled substance with intent to distribute and distributing a controlled substance, both in violation of 21 U.S.C. §841(a)(1) (Counts 1 and 3); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). (ECF No. 1). The details of Renteria-Lopez's offense are captured in the Presentence Investigation Report (ECF No. 44, PSR at ¶¶s 7-11). On October 28, 2019, Renteria Lopez was stopped for a traffic infraction while driving a Toyota minivan with two passengers in the vehicle. After being stopped, Renteria-Lopez

---

[1] While his §2255 petition was pending, Renteria-Lopez filed a "Challenge to Grand Jury Pursuant to Rule 6(b)(1), (2)" (ECF No. 74). This Court denied the challenge, ECF No. 76, finding it to be frivolous.

admitted being armed and officers located a loaded 9mm Taurus pistol in Renteria-Lopez's waistband. Officers also located cocaine and over 100 counterfeit M-30 fentanyl pills in his pockets. In a rear storage compartment in the van, officers located a shoebox with 173.5 grams of a substance that field tested positive for cocaine.

Following Renteria-Lopez's warrantless arrest during this stop, the state filed an Information and a probable cause affidavit based on the traffic stop. A state judge determined probable cause existed to arrest Renteria-Lopez for felony drug trafficking and a misdemeanor gun offense. *See State of Indiana v. Jaime Francisco Renteria-Lopez*, 02D05-1910-MC-3475 (Allen Sup. Court). A few days later, the state court dismissed the Information.

In December 2019, a confidential informant provided information to law enforcement that Renteria-Lopez offered to sell them fentanyl, M-30 fentanyl pills, and/or cocaine. On January 7, 2020, Renteria-Lopez sold two ounces of heroin to an informant in a controlled buy.

On February 26, 2020, a federal grand jury returned a three-count indictment against Renteria-Lopez. Counts 1 and 2 charge possession with intent to distribute a schedule 1 or 2 controlled substance and carrying a firearm in relation to this drug trafficking offense. These counts relate to the October 28, 2019, traffic stop. Count 3 charges Renteria-Lopez with distribution of a controlled substance for the controlled buy on January 7, 2020.

In April 2022, Defendant pleaded guilty pursuant to a written plea agreement. (ECF Nos. 27, 34). In his plea agreement, Defendant agreed to plead guilty to Counts 2 and 3. In exchange for his guilty plea and a broad appeal waiver, the Government agreed to a minimum-range recommendation, acceptance of responsibility reductions, a drug quantity limitation, and dismissal of Count 1. (ECF No. 27). On August 3, 2022, the Court sentenced Renteria-Lopez to a total of 97 months of imprisonment, 60 months on the § 924(c) count and 37 months on the distribution count

to run consecutively, with 3 years of supervised release to follow. (ECF Nos. 56-57, 59). Renteria Lopez did not file a direct appeal.

## DISCUSSION

### a. Legal Standards

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To proceed on a motion pursuant to § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence went beyond the maximum authorized by law or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id.*

Renteria-Lopez's options for relief under §2255 are further limited by the agreements he made in his plea agreement. There, Renteria-Lopez waived his appellate rights as well as his right to contest his conviction and "all components of [his] sentence or the manner in which [the] conviction or [the] sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel." (Plea, ¶8(d)). Thus, the sole avenues left open for Renteria-Lopez to raise complaints under §2255 are his current contentions that he was denied effective representation of counsel.

The Sixth Amendment guarantees criminal defendants "the right ... to have the Assistance of Counsel for [their] defence." The right to counsel includes "'the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Under *Strickland*, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 687–688, and (2) that any such deficiency was "prejudicial to the

3

defense," *id*., at 692. A court may address these prongs in either order and need not address both if the defendant makes an insufficient showing on one. *Id.* at 697.

To establish the performance prong of the *Strickland* test, Renteria-Lopez must show that his attorney's performance failed to meet an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88. The court's "scrutiny of counsel's performance [is] highly deferential," *id*. at 689, and Defendant "must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (citations omitted) (internal quotation marks omitted). In assessing counsel's performance, the court does "not second guess the reasonable tactical decisions of counsel." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010).

As for prejudice, there is again a presumption that the defendant has not suffered prejudice. *Perrone v. United States,* 889 F.3d 898, 908 (7th Cir. 2018). To prevail on this prong, generally a defendant must show that "but for counsel's errors, there is a reasonable probability that the result would have been different." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). In the context of a guilty plea, a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* (citation omitted). To make this showing, the defendant "must do more than simply allege 'that he would have insisted on going to trial.'" *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (citation omitted). He must "come forward with objective evidence that he would not have pled guilty," such as evidence regarding "the nature of the misinformation provided by the attorney to [him] and the history of plea negotiations." *Id.* In the context of sentencing, a defendant "must show that but for his counsel's

4

unprofessional error, there is a reasonable probability that the results [of the sentencing hearing] would have been different." *Berkey v. United States*, 318 F.3d 768, 773–74 (7th Cir. 2003).

### b. Performance Prong

#### 1. Ground One: Double Jeopardy and Collateral Estoppel

Renteria-Lopez contends that his counsel was ineffective for not raising the fact that the state charges related to the October 28, 2019, traffic stop were dismissed. He believes that once the state charges were dismissed, he was not permitted to be charged by the federal government based on the same conduct. Accordingly, he asserts that his prosecution in this case violated the Double Jeopardy Clause of the Fifth Amendment and principles of collateral estoppel.

The "Double Jeopardy Clause" of the Fifth Amendment states that people shall not "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Clause by its terms does not prohibit twice placing a person in jeopardy "'for the same *conduct* or *actions*.'" *Gamble v. United States*, 587 U. S. 678, 683 (2019). Instead, it focuses on whether successive prosecutions are for the same "offence." *Id.*

Renteria-Lopez asserts that he was improperly subject to prosecution twice for the same offense. But the Court can reject that argument out of hand in light of *Gamble*. *Gamble* held that the Double Jeopardy Clause contains an exception, the dual-sovereignty doctrine, under which a crime under one sovereign's laws is not "the same offense" for double jeopardy purposes as a crime under the laws of another sovereign. *Id.* at 1964. Thus, a state may prosecute a defendant under state law even if the federal government has prosecuted him for the same conduct under a federal statute. *Id.*; *see also United States v. Johnson*, 65 F.4th 932, 938 (7th Cir. 2023) (rejecting defendant's contention that "federal authorities were merely acting as the state's alter ego" and reiterating that "parallel prosecutions are allowed").

5

Next, Renteria-Lopez argues that the Double Jeopardy Clause encompasses some aspects of the doctrine of collateral estoppel, also called issue preclusion. *Currier v. Virginia*, 138 S. Ct. 2144, 2149-50 (2018); *Ashe v. Swenson,* 397 U.S. 436 (1970). Under the doctrine of issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be again litigated by the same parties in any future dispute." *Ashe*, 397 U.S. at 443. In the criminal context, the doctrine "precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial." *Yeager v. United States*, 557 U.S. 110, 119 (2009). Renteria-Lopez suggests that because the state dismissed the charges against him, the Government was precluded by either the Double Jeopardy Clause or collateral estoppel from litigating those offenses in a subsequent criminal prosecution.

There are a few problems with Renteria-Lopez's approach. First, the Supreme Court has made clear that preclusion issues should have only a "guarded application" in the criminal context. *Currier*, 585 U.S.at 504 (quoting *Bravo–Fernandez v. United States,* 580 U.S. 5, 10 (2016)). Second, while Renteria-Lopez's petition refers to the Double Jeopardy Clause, the dismissal order in the state court – which he says precluded the Government from charging him in the present case –occurred before jeopardy attached. Jeopardy doesn't attach until the jury is sworn or, in a bench trial, evidence is introduced. *See Martinez v. Illinois*, 572 U.S. 833, 839 (2014) ("There are few if any rules of criminal procedure clearer than the rule that jeopardy attaches when the jury is empaneled and sworn."). Third, even though jeopardy is not a condition of collateral estoppel, *Loera v. United States*, 714 F.3d 1025, 1029 (7th Cir. 2013) ("collateral estoppel is applicable in a criminal proceeding without reference to the double jeopardy clause"), for collateral estoppel to apply the litigated issues must have been between the same parties in both prosecutions. *United States v. Brocksmith,* 991 F.2d 1363, 1367 (7th Cir. 1993) (quoting *Ashe v. Swenson,* 397 U.S. at

443). In this case, the Government was not a party in the state prosecution and, "[c]ollateral estoppel cannot apply here because it holds only between the same parties, whereas the United States was not represented in the prior case." *Id.*

To summarize then, Renteria Lopez's challenge under the Double Jeopardy Clause fails because that clause is inapplicable when two different sovereigns prosecute the same defendant. Further, jeopardy did not attach in Renteria-Lopez's state law prosecution so as to preclude his prosecution on federal charges. And collateral estoppel does not apply because the Government was not involved in the state prosecution.

Given the above disposition, the Court is hard-pressed to find that counsel was ineffective in failing to raise these issues in this case. Indeed, whether a lawyer provides ineffective assistance by failing to raise an argument depends in important part on its likelihood of success. See *Goins v. Lane*, 787 F.2d 248, 254 (7th Cir. 1986) ("Trial counsel is not obligated to present every conceivable theory in support of the defense."); *Shaw v. Wilson*, 721 F.3d 908, 915 (7th Cir. 2013) ("Appellate lawyers are not required to present every non-frivolous claim on behalf of their clients—such a requirement would serve to bury strong arguments in weak ones."). Here, as demonstrated above, even if counsel had made the arguments Renteria-Lopez raises now, those arguments would have been rejected. For this reason, the Court finds counsel's performance did not fall below the wide range of competent representation.

2. Ground Two: Failure to Investigate

Next, Renteria-Lopez argues that his counsel was ineffective for failing to investigate whether his conduct fit the elements of a §924(c) count before advising him to plead guilty. As part of this argument he poses this question: "Was there any evidence to prove this charge if

7

petitioner had decided to proceed to trial?" (ECF No. 67 at 4). The simple answer to this question is "yes."

The facts of the traffic stop standing alone suffice to sustain the likelihood that at trial a jury could have found Renteria-Lopez guilty of a §924(c) charge. During the traffic stop, a loaded firearm was found in his waistband and distribution quantity drugs were in his pocket and inside his vehicle. From this traffic stop, the Government charged Renteria-Lopez with possession of a firearm in furtherance of a drug trafficking crime, that being possession with intent to distribute a controlled substance.

Nevertheless, Renteria-Lopez argues that there was no evidence to show that he possessed the firearm during the controlled substance offense. But under the controlling legal standard, Renteria-Lopez can be found guilty of possessing a firearm in furtherance of a drug-trafficking crime if the firearm he possessed in his waistband furthered, advanced, moved forward, promoted, or facilitated his drug trafficking. *United States v. Duran*, 407 F.3d 828, 840 (7th Cir. 2005). Renteria-Lopez correctly points out that the mere presence of a firearm at the scene of a crime is insufficient to establish that the firearm was possessed "in furtherance of" the crime. *Id.* "There must be 'a showing of some nexus between the firearm and the drug selling operation'"—for example, "that a possessed gun [furthered] a drug trafficking offense by providing the dealer, his stash or his territory with protection." *United States v. Huddleston*, 593 F.3d 596, 602 (7th Cir. 2010) (citing *Duran*, 407 F.3d at 840). In distinguishing between "possession-for-protection" and "circumstantial or innocent weapon possession," courts are "guided primarily by common sense." *Id.* "Factors that can be, but will not always be, useful in drawing this distinction include: 'the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun

is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" *Duran*, 407 F.3d at 480 (quoting *United States v. Ceballos–Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)). "No single factor determines the outcome; this inquiry is holistic." *United States v. Perryman*, 20 F.4th 1127, 1134 (7th Cir. 2021).

This is not a case where the above factors support a reasonable conclusion that Renteria-Lopez did not possess the firearm to further his drug trafficking crime. Counsel reasonably understood that the loaded firearm Renteria-Lopez possessed in his waistband along with distribution quantities of drugs very likely would lead to a conviction on the §924(c) charge. It is not even a close call. "Cases are legion in which the court of appeals has upheld the conclusion of a finder of fact—usually a jury—that the proximity of a loaded handgun to a significant quantity of drugs or drug proceeds meant that the gun in question had advanced a drug-trafficking crime." *United States v. Claiborne*, 2023 WL 2265978, at *4 (N.D. Ill. Feb. 28, 2023) (citing *Duran*, 407 F.3d at 840) ("One legal theory that has been advanced, and unanimously accepted, is that a possessed gun can forward a drug-trafficking offense by providing the dealer, his stash or his territory with protection"). Further, when asked during his plea colloquy if he had the firearm for protection while selling drugs, Renteria-Lopez answered, "I had it in my possession because I had drugs with me." (Plea Hr'g, ECF No. 70 at 25). The Court takes him at his word as "entry of a plea is not some empty ceremony, and statements to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart,* 198 F.3d 984, 987 (7th Cir. 1999). Counsel was not ineffective for failing to investigate the underlying facts giving rise to the §924 charge.

Renteria-Lopez also makes a broad assertion that counsel failed to investigate other aspects of the case. But Renteria-Lopez does not identify what favorable evidence could have been

9

uncovered through an investigation that might have changed counsel's advice to plead guilty. To show ineffective assistance of counsel from a failure to investigate, Reneria-Lopez must "make a comprehensive showing of what the investigation would have produced." *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995) (internal quotation omitted). Specifically, he must show "that evidence uncovered during that investigation would have led the attorney to change [his] recommendation to accept the plea offer." *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013). Renteria-Lopez offers nothing to meet this burden of production.

The facts of this case are simple. Renteria-Lopez was caught red-handed during a traffic stop with a loaded firearm and distribution quantities of controlled substances. Then, a month after the state dismissed the charges against him based on this traffic stop, he sold an informant 2 ounces of heroin for $3,000 in a Walmart bathroom. No amount of investigation by counsel would have changed this evidence or these facts. Renteria-Lopez was not denied effective counsel based on a failure to investigate.

3. Summary

In sum, Renteria-Lopez's motion has not raised any performance issue of counsel worthy of merit. If anything, counsel appears to have understood the pertinent facts and negotiated a plea agreement for Renteria-Lopez that benefitted him. Because the Court cannot find that counsel's representation was outside the range of competence demanded by attorneys in criminal cases, it need not go on to examine prejudice.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of

appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Renteria-Lopez has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of his ineffective assistance claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

## CONCLUSION

For the reasons discussed, the Court DENIES Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 67), and DECLINES to issue a certificate of appealability. The Court DENIES Defendant's motions docketed as Motion for Judicial Notice (ECF Nos. 77, 78)[2] and Motion for Status Update (ECF No. 79) as MOOT.

SO ORDERED on December 3, 2024.

        *s/ Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT

Cc:    Seventh Circuit Court of Appeals,
       USCA Appeal No. 24-2769

---

[2] The Court is uncertain what these filings are meant to add to Renteria-Lopez's §2255 petition. He captions the filing "Affidavit of Facts and Law Supporting Existing Motions" but he filed it after briefing had concluded on his §2255 request. The Court cannot glean from the filings what facts Renteria-Lopez is asking the Court to judicially notice nor does the filing appear to address any of the issues raised in his §2255 petition.

11